H. G. POOL, TRADING AS MODEL LAUNDRY, v. PINEHURST, INCORPORATED.

(Filed 24 May, 1939.)

**1. Trial § 22b—**

Upon demurrer, the evidence must be considered in the light most favorable to the plaintiff.

**2. Sales § 25—Evidence held sufficient for jury on issue of worthlessness of article for purpose for which it was sold.**

Plaintiff's evidence tended to show that he purchased a boiler for use in his laundry, that defendant had knowledge of the purpose for which it was bought, that the boiler leaked before the stream pressure reached the necessary level, and that it was condemned and its use prohibited by the State authorities. *Held:* If the article was worthless for the use for which it was intended, and if defendant had knowledge of the purpose for which it was bought, plaintiff would be entitled to recover the purchase price paid and the notes given for the balance of the purchase price on the ground of failure of consideration, irrespective of any warranty, and the evidence, considered in the light most favorable to plaintiff, was sufficient to be submitted to the jury upon the issue.

APPEAL by plaintiff from *Phillips, J.,* at February Term, 1939, of MOORE. Reversed.

The pleadings are susceptible to such interpretation as to make this an action to recover $200 paid and a note for $200 given by the plaintiff to the defendant for a boiler sold and delivered to plaintiff by the defendant, wherein it is alleged in effect that soon after the delivery of the boiler to the plaintiff it was condemned by the State authorities and its use prohibited, and therefore could not be used for the purpose for which the defendant was informed it was being purchased, or for any other useful purpose, and that said boiler was absolutely worthless when sold and delivered.

When the plaintiff had introduced his evidence and rested his case the defendant moved to dismiss the action and for a judgment as in case of nonsuit, C. S., 567, which motion was allowed. From judgment accordant with the motion the plaintiff appealed, assigning error.

*Seawell & Seawell for plaintiff, appellant.*
*U. L. Spence for defendant, appellee.*

SCHENCK, J. The evidence when considered in the light most favorable to plaintiff, as it must be upon a demurrer thereto, tends to show that a boiler was sold to the plaintiff by the defendant for an agreed price of $400, $200 to be paid upon delivery and $200 to be evidenced by note; that the payment was made and the note delivered; that the boiler was turned over to the plaintiff at the defendant's place of business in Pinehurst, and hauled by the plaintiff 12 miles to his place of business in Carthage; that as soon as the boiler was set up and fired at plaintiff's place of business, discovery was made that it leaked at a patched place thereon before it reached a pressure of one hundred pounds; that the boiler was condemned and its use prohibited by the State authorities; that it was never used by the plaintiff and was incapable of being put to any useful purpose, and was worthless. The evidence further tends to show that the plaintiff disclosed to the defendant, which operated a laundry in Pinehurst, that he intended to use the boiler in his laundry in Carthage.

If an article "purchased by the plaintiff were so defective that it was not reasonably fit for use for which it was intended, then the plaintiff would be entitled to recover of the seller for want of consideration. . . . It is believed that a covenant, however expressed, must be regarded as *nude pact*, and not binding in law, if founded solely upon considerations which the law holds altogether insufficient to create a legal obligation. . . . If it (the article sold) be of no value to either party, it of course cannot be the basis of a sale. . . . The refusal to warrant against worthlessness would fall with the balance of the supposed contract for want of consideration." *Williams v. Chevrolet Co.,* 209 N. C., 31, and cases there cited.

We are of the opinion, and so hold, that there was sufficient evidence adduced by the plaintiff to be submitted to the jury upon an issue as to whether the boiler sold was worthless to the extent that it was not reasonably fit for the purpose for which the defendant had knowledge that it was being purchased by the plaintiff, and for this reason the judgment below is

Reversed.