CITY OF GOLDSBORO v. ATLANTIC COAST LINE RAILROAD COMPANY, CHEMICAL CORN EXCHANGE BANK, TRUSTEE, C. C. HOWELL, JR., TRUSTEE, UNITED STATES TRUST COMPANY OF NEW YORK, TRUSTEE, AND WILLIAM M. HOWELL, TRUSTEE.

(Filed 17 April, 1957.)

**1. Trial § 55—**

In a trial by the court under G.S. 1-184, the court is required to find the facts on all the issues of fact joined on the pleadings, declare the conclusions of law arising on the facts found, and enter judgment accordingly, G.S. 1-185, but where judgment of nonsuit is allowed, such judgment is in effect a holding that all the evidence, taken in the light most favorable to plaintiffs, is insufficient to support a favorable finding for plaintiffs on any issue raised by the pleadings, and is in itself sufficient.

**2. Trial § 54—**

In order to preserve for review on appeal an adverse ruling on a motion for judgment of nonsuit made in the course of a trial by the court under G.S. 1-184, it is necessary that appellant except to the findings of fact in apt time on the ground that such findings are not supported by the evidence.

**3. Appeal and Error § 49—**

Where the findings of fact by the court are supported by competent evidence, they are as conclusive as a verdict of a jury.

**4. Appeal and Error § 22—**

Where no exceptions have been taken to the admission of evidence or to the findings of fact, such findings are presumed to be supported by competent evidence and are binding on appeal.

**5. Same—**

Motion to nonsuit made in the course of a trial by the court under G.S. 1-184 does not present the question as to whether the findings of fact are supported by competent evidence when no exceptions have been taken to the admission of the evidence, the findings of fact, or the conclusions of law.

**7. Appeal and Error § 21—**

An exception to the signing of the judgment presents whether the facts found support the judgment and whether error of law appears upon the face of the record.

**8. Eminent Domain § 1—**

Ordinarily, land devoted to the public use cannot be taken for another public use unless specifically authorized by express or implied legislative authority, but this rule does not apply to property owned by a public service corporation but which is not in actual use or is not necessary or vital to the operation of the business of the owner.

**9. Same—**

A municipal corporation has power, under its charter and the general powers of eminent domain conferred upon it by statute, to condemn for necessary street purposes a strip of land owned by a railroad company when such property is not being used by the railroad company and is not necessary nor essential to the operation of its business.

APPEAL by respondent Atlantic Coast Line Railroad Company from *Williams, J.,* December Civil Term 1956 of WAYNE.

This is a special proceeding by the City of Goldsboro, petitioner, to condemn and take certain property from the respondents, Atlantic Coast Line Railroad Company and lien holders, for use by the petitioner for street purposes, to wit, a traffic circle.

It was stipulated that the court might hear the evidence, find the facts, sign and render judgment in or out of term, in or out of the district. The following judgment was signed on 31 January 1957 and filed on 6 February 1957:

"This cause coming on to be heard, and being heard, before his Honor, Clawson L. Williams, Judge presiding at the December 1956 Term of the Superior Court of Wayne County, North Carolina, and counsel for the petitioner, City of Goldsboro, and the respondents, Atlantic Coast Line Railroad Company, and C. C. Howell, Jr., Trustee, and William M. Howell, Trustee, having waived a trial by jury by oral consent and agreement in open court, and duly entered on the minutes that the court might find the facts and render judgment thereon, and that such judgment might be signed out of term and out of the district in order that a transcription of the testimony might be completed and made available for further study by the court:

"And it appearing to the court from the pleadings and records that all of the parties to this proceeding are properly represented before the court except Chemical Corn Exchange Bank, Trustee, a co-trustee with C. C. Howell, Jr., Trustee, and United States Trust Company of New York, a co-trustee with William M. Howell, Trustee, and that their only interest in this proceeding is in their fiduciary capacities as trus-

tees in two certain trust instruments embracing the land which is the subject of this controversy, and that each has duly and lawfully accepted service of summons, together with a copy of the petition herein, as provided for in Section 102(2), Chapter 1, of the General Statutes of North Carolina, as amended, and that neither has filed any answer, demurrer, or other pleadings, nor has any extension of time to file pleadings been granted, and that the time within which pleadings may be filed has been expired for several months;

"And after hearing, studying and considering all of the pleadings, testimony and exhibits of all of the parties, and the arguments, both oral and written, of their counsel, it appears to the court, and the court so finds, the following to be the material facts in respect to this controversy:

"1. That the City of Goldsboro is a Municipal Corporation, duly chartered and existing under and by virtue of the laws of the State of North Carolina, and as such when acting in its governmental capacity is a governmental agency of the said State.

"2. That the Atlantic Coast Line Railroad Company is a corporation organized under the laws of the State of Virginia and is engaged in the operation of a railroad business for profit within the City of Goldsboro and elsewhere within and without the State of North Carolina.

"3. That the land sought to be acquired in this proceeding by the City of Goldsboro from the Atlantic Coast Line Railroad Company is a strip of land 41 feet in width and 63 feet in length, lying just North of and adjacent to the Northern edge of Ashe Street and lying between North Center Street, West, and North Center Street, East, within the City of Goldsboro, upon which is located two parallel tracks of respondent: (1) The end of the former 'old Main Line' track for a distance of 28.7 feet and the end of a spur track for a distance of 31 feet; that the average length of one railroad car is 50 feet and this part of either track is not sufficient to store one car; that said tracks in said area are covered by soil, weeds and grass over the top of the rails and show no evidence of use within recent years; that said tracks from the switch connections to the ends within the 41 feet area, are about one-fourth of a mile in length.

"4. That the said strip of land is sought to be acquired, and such acquisition is necessary, for utilization along with other land in the construction of a traffic circle at and within the intersection of Center and Ash Streets in Goldsboro.

"5. That the construction of such traffic circle is in the public interest and for a public purpose, and will, when completed, materially serve and promote the public safety, welfare, convenience and necessity of the City of Goldsboro, its residents and the general public.

"6. That the petitioner, upon acquisition of said strip of land, intends in good faith to utilize the same for the purpose of such traffic circle.

"7. That the petitioner has not been able to acquire said strip of land from the respondent, Atlantic Coast Line Railroad Company, the owner, by purchase, despite efforts made in good faith to do so.

"8. That the petitioner has brought this proceeding under the power and authority granted it under Section 37, Chapter 397, of the Private Laws of 1901, as amended, and subsection (d) of Chapter 163 of the Session Laws of 1951, and is utilizing the procedure prescribed in Article 2, of Chapter 40, of the General Statutes of North Carolina.

"9. That the strip of land herein sought to be condemned is not necessary or essential to the owner, Atlantic Coast Line Railroad Company, in the operation of its railroad business.

"10. That the said strip of land is not being utilized by the owner, Atlantic Coast Line Railroad Company, in the operation of its railroad business.

"11. That the said strip of land has not been utilized to any extent or any consequence, if at all, for a period of a number of years, by respondents for any railroad or other public use.

"12. That the acquisition of said strip of land in this proceeding by the petitioner, City of Goldsboro, from the owner, Atlantic Coast Line Railroad Company, will in no wise seriously interfere with or impair the operation by said owner of its railroad business.

"13. That the only present public use to which said strip of land is being put is the occasional use by the Southern Railway Company and the Atlantic and East Carolina Railway Company of their tracks lying on part of the Westernmost and Easternmost portions, respectively, of said strip of land, and that both of said railroad companies have agreed with the City of Goldsboro to relinquish and cease any use heretofore made by them of such portion of their tracks within said strip when requested to do so by the City.

"14. That the use to which said strip of land will be put and devoted by the petitioner, City of Goldsboro, upon the acquisition thereof in this proceeding, will promote and serve the public interest, safety, convenience and necessity to a much greater degree and extent than would any use that the respondent, Atlantic Coast Line Railroad Company, might devote said strip of land to.

"15. That the parties hereto have stipulated and agreed that if it be adjudged that the petitioner is legally empowered and entitled to acquire by condemnation the strip of land which is the subject of this controversy, then the fair market value of said strip of land shall be determined to be the sum of $1.00 per square foot, or a total value of $2583.00; and that the City of Goldsboro, the petitioner herein, shall

as full compensation for the purchase price of said land and all damage resulting from the acquisition thereof, do the following:

"a. Pay as the fair market value of said strip of land the sum of $2583.00.

"b. Remove at its own expense the portions of the two tracks belonging to the respondent, Atlantic Coast Line Railroad Company, and located within the said 41 foot strip, and deliver the rails and cross-ties so removed to the said railroad company, without compensation, at the site.

"And upon such findings of fact the court makes the following conclusions of law:

"1. That the 41 x 63 foot strip of land which is the subject of this controversy, though owned by a public-*quasi* corporation, is not now devoted to, or needed for any public use by said corporation.

"2. That the use to which said strip of land will be put and devoted by the petitioner, upon its acquisition thereof in this proceeding, will promote and serve the public interest, convenience and necessity to a much larger degree and extent than does now or will the use to which it is now, or may be, put and devoted by the respondent.

"3. That the petitioner, the City of Goldsboro, is entitled to condemn said 41 x 63 foot strip of land without any special legislative authority other than the authority already granted it under Section 37, Chapter 397, of the Private Laws of 1901, as amended, and subsection (d) of Chapter 163 of the Session Laws of 1901 (1951), as well as under Chapter 160 of the General Statutes.

"Now, therefore, it is CONSIDERED, ORDERED, ADJUDGED AND DECREED:

"1. That the strip of land of the respondent, Atlantic Coast Line Railroad Company, described below and in the petition herein be and the same is hereby condemned to the uses of the petitioner, City of Goldsboro, for use in the construction of a traffic circle as a part of its overall street and traffic system.

"2. That upon the petitioner paying the sum of $2583.00 to the Clerk of the Superior Court of Wayne County, North Carolina, for the use and benefit of the respondents as their respective interests might appear or be agreed upon; and the petitioner further removing the two tracks of the Atlantic Coast Line Railroad Company from the said strip of land and delivering at the site the rails and cross-ties so removed, to the said Atlantic Coast Line Railroad Company, without compensation therefor, then the respondents be immediately divested of all of their rights, title and interest in and to, and the petitioner be immediately vested with, for use in the construction of a traffic circle as a part of its overall street and traffic system, the title to that certain strip of land within the City of Goldsboro, Wayne County, North

Carolina, adjacent to the Northern edge of the intersection of Ash and Center Streets and more particularly described as follows:

"A strip of land extending in depth 41 feet from the Northern edge of Ash Street in a Northerly direction, and lying between Western edge of North Center Street, East, and the Eastern edge of North Center Street, West, a width of approximately 63 feet.

"3. That the petitioner have the right to enter upon said strip of land above described for the purpose of removing the two tracks therefrom as aforesaid.

"4. That the costs of this action be taxed against the respondents.

"5. That the respondents, Chemical Corn Exchange Bank, Trustee, and United States Trust Company of New York, Trustee, be and they are hereby bound by this judgment in the same manner as the respondents who filed answer and appeared herein."

The respondent Atlantic Coast Line Railroad Company appeals, assigning error.

*Edwin C. Ipock and James N. Smith for petitioner.*

*W. B. R. Guion, W. Powell Bland, and George K. Freeman, Jr., for respondent Railroad.*

DENNY, J. The primary question posed for determination on this appeal is this: Does a municipal corporation, pursuant to the general powers of eminent domain conferred upon it by the State, both by General Statutes and by charter provisions, have the authority to condemn, for street purposes, land owned by a railroad which is not necessary or essential to the owner in the operation of its railroad business?

The appealing respondent in the hearing below excepted only to the refusal of the court to sustain its motion for judgment as of nonsuit at the close of petitioner's evidence and at the close of all the evidence, and to the signing of the judgment.

When a jury trial is waived in the manner provided by statute, G.S. 1-184, and the facts. admitted or found by the court are in its opinion insufficient to support a verdict in favor of the plaintiff, a motion to dismiss or for judgment as of nonsuit may be allowed. *St. George v. Hanson*, 239 N.C. 259, 78 S.E. 2d 885. However, when a trial by jury is waived, G.S. 1-185 requires the court "to do three things in writing: (1) To find the facts on all issues of fact joined on the pleadings; (2) to declare the conclusions of law arising on the facts found; and (3) to enter judgment accordingly." *Woodard v. Mordecai*, 234 N.C. 463, 67 S.E. 2d 639. Therefore, in order to preserve for review on appeal an adverse ruling on a motion for judgment as of nonsuit, it is necessary to except to the findings of fact in apt time on the ground that such

findings are not supported by the evidence. *Scott v. Shackelford,* 241 N.C. 738, 86 S.E. 2d 453; *Buchanan v. Clark,* 164 N.C. 56, 80 S.E. 424. Exceptions to such findings must be taken within the time allowed by G.S. 1-186. But when a judgment as of nonsuit is allowed in a hearing in which a trial by jury has been waived, "the effect of the written judgment is that when taken in the light most favorable to plaintiffs, all the evidence is insufficient to support a favorable finding for plaintiffs on any issue raised by the pleadings." Such judgment will be deemed sufficient compliance with the statute. G.S. 1-185; *Insurance Co. v. Carolina Beach,* 216 N.C. 778, 7 S.E. 2d 13.

Where facts are found by the court, if supported by competent evidence, such findings are as conclusive as the verdict of a jury. *St. George v. Hanson, supra; Trust Co. v. Finance Corp.,* 238 N.C. 478, 78 S.E. 2d 327; *Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351; *Poole v. Gentry,* 229 N.C. 266, 49 S.E. 2d 464.

Moreover, where no exceptions have been taken to the admission of evidence or to the findings of fact, such findings are presumed to be supported by competent evidence and are binding upon appeal. *James v. Pretlow,* 242 N.C. 102, 86 S.E. 2d 759; *Beaver v. Paint Co.,* 240 N.C. 328, 82 S.E. 2d 113; *Donnell v. Cox,* 240 N.C. 259, 81 S.E. 2d 664; *Wyatt v. Sharp,* 239 N.C. 655, 80 S.E. 2d 762; *Cannon v. Blair,* 229 N.C. 606, 50 S.E. 2d 732; *Wilson v. Robinson,* 224 N.C. 851, 32 S.E. 2d 601. Therefore, where a trial by jury has been waived, a motion for judgment as of nonsuit, where no exceptions have been taken to the admission of evidence, the findings of fact or the conclusions of law, will not present the question as to whether or not the findings of fact are supported by competent evidence. *Burnsville v. Boone, supra.*

It follows, therefore, in the instant case, since no exceptions were taken to the findings of fact or the conclusions of law, the exception to the refusal to grant the appellant's motion for judgment as of nonsuit presents no question for review with respect to the findings of fact or the conclusions of law. The exception to the signing of the judgment, however, does present these questions: (1) Do the facts found support the judgment, and (2) does any error of law appear upon the face of the record? *Bailey v. Bailey,* 243 N.C. 412, 90 S.E. 2d 696; *Dellinger v. Bollinger,* 242 N.C. 696, 89 S.E. 2d 592; *Moore v. Crosswell,* 240 N.C. 473, 82 S.E. 2d 208; *Bond v. Bond,* 235 N.C. 754, 71 S.E. 2d 53; *Gibson v. Insurance Co.,* 232 N.C. 712, 62 S.E. 2d 320; *Paper Co. v. Sanitary District,* 232 N.C. 421, 61 S.E. 2d 378.

It is conceded by the petitioner that it has no special legislative authority to condemn the land herein sought. It is depending solely on the general power of eminent domain conferred upon it by the provisions of its charter as set forth in section 37 of Chapter 397 of the

Private Laws of 1901, section 1 of Chapter 101 of the Private Laws of 1915, subsection (d), section 1 of Chapter 163 of the Session Laws of 1951, and Chapter 160 of the General Statutes, together with the procedure authorized in Article 2 of Chapter 40 of the General Statutes. G.S. 160-205.

Ordinarily, land devoted to the public use cannot be taken for another public use unless express or implied legislative authority has been given which authorizes such taking. *Yadkin County v. High Point,* 217 N.C. 462, 8 S.E. 2d 470, and cited cases; Anno.—Eminent Domain—Property Not Used, 12 A.L.R. 1502; 18 Am. Jur., Eminent Domain, section 93, page 719; 29 C.J.S., Eminent Domain, section 74, page 861. However, the rule is otherwise where the property is not in actual public use and not necessary or vital to the operation of the business of its owner. *Yadkin County v. High Point, supra.*

"Land not devoted to the public use, although owned by a public service corporation, may be taken under general legislative authority as freely as from a private individual; special legislative authority is not necessary." 18 Am. Jur., Eminent Domain, section 94, page 720; *Vermont Hydro-Electric Corp. v. Dunn,* 95 Vt. 144, 112 A. 223, 12 A.L.R. 1495; *Bd. of Education v. Campbells Creek R. Co.,* 138 W. Va. 473, 76 S.E. 2d 271; 29 C.J.S., Eminent Domain, section 74, page 864; McQuillin on Municipal Corporations (3rd Ed.), Volume 11, section 32.70, page 406.

In view of the finding by the court below to the effect "that strip of land herein sought to be condemned is not necessary or essential to the owner, Atlantic Coast Line Railroad Company, in the operation of its railroad business," and the other findings to which no exception has been taken, we hold that the petitioner has the authority under its general power to exercise the right of eminent domain to condemn the property it seeks for street purposes. Furthermore, we hold that the findings of fact are sufficient to support the conclusions of law and the judgment entered pursuant thereto. Therefore, the judgment of the court below is

Affirmed.