GEORGE T. CHILTON, T/A CHILTON'S CAFE, PETITIONER, v. WILLIAM S. HUNT, J. IRVIN MORGAN, JR. AND CLINT NEWTON, AS MEMBERS OF THE BOARD OF ALCOHOLIC CONTROL, STATE OF NORTH CAROLINA, RESPONDENTS.

(Filed 8 November, 1961.)

**Administrative Law—**

   Where a party cited to appear before an administrative board or officer fails to appear, and the board hears evidence and finds facts supporting its order revoking the beer license of such party, the order of such administrative board will not be disturbed upon review, there being no exception to the evidence adduced at the hearing before the board or to its findings of fact based on such evidence.

APPEAL by petitioner from *Carr, J.,* 20 April 1961 Term of WAKE.

The death of William S. Hunt, one of the respondents named in this proceeding, has been suggested by the Attorney General. Victor Aldridge, the duly appointed successor to William S. Hunt, has been made a party defendant in this proceeding.

It appears from the record that the petitioner was duly cited to appear before a hearing officer of the Board of Alcoholic Control on 3 May 1960, at a designated time and place in Raleigh, North Carolina, to show cause why his beer permit should not be revoked or suspended. The petitioner failed to appear.

Evidence was taken and submitted to the Board of Alcoholic Control for its consideration and action.

The Board of Alcoholic Control, pursuant to its findings of fact based on the evidence adduced in the aforesaid hearing, revoked the retail beer permit held by the petitioner on 25 May 1960. Thereafter, on 25 May 1960, the petitioner applied to his Honor, Hamilton H. Hobgood, Judge holding the courts of the Tenth Judicial District, and obtained a stay of the order of the Board of Alcoholic Control pending the final outcome of the judicial review of the administrative decision of said Board.

This cause came on for hearing on 20 April 1961 before Judge Carr, presiding at the April Term of the Superior Court of Wake County.

Judge Carr reviewed the administrative decision and held that the findings of fact and decision of the respondents are supported by competent, material and substantial evidence and that the substantial rights of the petitioner have not been prejudiced; that said decision is in compliance with applicable constitutional provisions, within the statutory authority or jurisdiction of the respondents pursuant to law and lawful procedure, and should be affirmed. Thereupon, the court dissolved the preliminary stay order previously entered, affirmed the decision of the respondents, dismissed the proceeding, and taxed the costs against the petitioner.

The petitioner appeals, assigning error.

*Attorney General Bruton, Staff Attorney Richard T. Sanders for the State.*
*Benjamin R. Wrenn for petitioner.*

PER CURIAM. The petitioner having entered no exceptions to the evidence adduced at the original hearing, or to the findings of fact made by the Board of Alcoholic Control based on such evidence, and since such findings support the judgment, the judgment will be upheld. *Goldsboro v. R.R.*, 246 N.C. 101, 97 S.E. 2d 486; *Barnette v. Woody*, 242 N.C. 424, 88 S.E. 2d 223; *James v. Pretlow*, 242 N.C. 102, 86 S.E. 2d 759.

Affirmed.