ATLANTIC COAST LINE RAILROAD COMPANY AND ATLANTIC & EAST CAROLINA RAILWAY COMPANY v. WEYERHAEUSER COMPANY.

(Filed 4 November, 1964.)

**1. Carriers § 5—**

The shipment in question would have carried a lower rate if the carrier had furnished larger cars so that a greater number of units could be carried in one car, and the shipper had repeatedly requested the railroad to furnish such larger cars. *Held:* In the absence of an exception to the failure of the court to find whether the railroad was justified in failing to furnish the cars requested and in the absence of an exception to the finding that the higher rate applied to the shipment, judgment for the recovery of the higher rate by the railroad must be affirmed.

**2. Appeal and Error § 22—**

Where there is no exception and assignment of error to a finding of fact, it will be presumed that the finding was supported by competent evidence and it is binding on appeal.

APPEAL by defendant from *Walker, S. J.,* February Civil Session 1964 of BEAUFORT.

This is a civil action to collect a deficiency in the amount of freight charges collected and the amount alleged to be due for moving 140 carloads of wood chips from Hines Junction to Kinston, North Carolina, over the Atlantic & East Carolina Railway Company (hereinafter called A&EC Railway); thence from Kinston over the Atlantic Coast Line Railroad Company to Plymouth, North Carolina, where the shipments were delivered to the defendant (hereinafter called defendant or consignee). The above shipments aggregated 1983.78 units, 190 cubic feet per unit, and weighed 9,993,150 pounds.

The Willis Hines Lumber Company, Inc. (hereinafter called consignor) owned and operated a lumber plant located at Hines Junction

on the A&EC Railway and produced wood chips as a by-product. Some time prior to August 1962 the consignor requested that the A&EC Railway (now operated by the Southern Railway as a part of its system) furnish it cars of a capacity of 6,800 cubic feet. The request was made orally several times over a period of three months and then given in writing on 2 April 1962. The request for larger cars was never granted, and the railway continued to furnish cars of the capacity of 2,678 cubic feet. These smaller cars are rated to carry only thirteen units of 190 cubic feet each; the larger cars will carry 33 units of 190 cubic feet each. The rate on the smaller cars per unit from Hines Junction to Kinston is $1.69, while the rate per unit for the larger cars is $1.40. There is no controversy over the rate collected from Kinston to Plymouth.

The bills of lading from Hines Junction to Kinston, made out by the consignor, show a rate of $1.40, while the evidence is to the effect that the rate on the smaller cars should have been $1.69.

The court below found as a fact the following:

"1. That the following stipulation was entered into in open court by all parties to this action: 'It is stipulated by and between all parties to this litigation that there is no question raised at this hearing relative to the amount shipped during the period August 7, 1962, and ending January 11, 1963, on Atlantic Coast Line Railroad Company and Atlantic and East Carolina Railway Company lines, whether it be considered on a unit basis or a pound basis and the sole question relates to whether or not the rate on the Atlantic and East Carolina Railway Company is $1.40 per unit or $1.69 per unit, as appear in Supplement 302 to Tariff 740-C, page 73, or Plaintiffs' Exhibit B, and further whether or not Item 1807 of Tariff 740-C ICC 1297, applies to the shipments involved in this controversy.'

"2. The freight rate applicable to the shipments referred to in the complaint during the period August 7, 1962, through January 11, 1963, is as set forth in Supplement 302 to Tariff 740-C ICC 1297 Column A $1.69 per unit and is not $1.40 per unit as contended by the defendant.

"3. That Item 1807 of Tariff 740-C 1297 does not apply to this case nor does it control the rate on the shipments involved in this case."

Whereupon, the court below concluded as a matter of law that the rate of $1.69 was the correct rate and that the defendant was indebted to the plaintiffs in the sum of $575.92.

The defendant appeals, assigning error.

*John A. Wilkinson and Rodman & Rodman for plaintiffs appellee.*
*Norman, Rodman & Hutchins for defendant appellant.*

PER CURIAM. There is ample evidence in the record to establish the fact that the consignor requested cars with the capacity of 6,800 cubic feet in which to ship the wood chips involved. There is no evidence tending to show that the A&EC Railway did not have such cars available. Its only explanation for not furnishing the requested cars was that the consignor could not load cars of the requested size; that such cars were too high for the consignor's loading facilities. The consignor introduced evidence to the effect that its loading spout could have been extended or adjusted in a matter of thirty or forty minutes so that it could have loaded the larger cars. The consignee likewise offered evidence to the effect that it could unload the larger cars.

However, the court below made no finding of fact with respect to whether or not there was any justification for the failure of the A&EC Railway to furnish the cars requested. *Garrison v. R. R.*, 150 N.C. 575, 64 S.E. 578; G.S. 60-111, which was repealed by Chapter 1165 of the Session Laws of North Carolina, 1963, but at the time this controversy arose it was in effect. See also 13 C.J.S., Carriers, sections 35 and 36, page 69, *et seq.*, and 13 Am. Jur. 2d, Carriers, section 120, page 659.

Even so, we must decide this appeal on the record as submitted, based on the defendant's exceptions and assignments of error.

The defendant did not except to the failure of the court below to find whether or not the A&EC Railway was justified in failing to furnish the cars requested, nor did the defendant except to finding of fact No. 2, which is to the effect that the freight rate applicable to the shipments involved is $1.69 per unit and not $1.40 per unit as contended by the defendant.

We have repeatedly held that where a finding of fact is not excepted to and assigned as error it is presumed to be supported by competent evidence and is binding on appeal. *Goldsboro v. R. R.*, 246 N.C. 101, 97 S.E. 2d 486, and cited cases.

In our opinion, the appellant's assignments of error fail to disclose any error of sufficient prejudicial effect to warrant a new trial. Hence, the judgment entered below is

Affirmed.