MAE W. DULL v. LAWRENCE PAUL DULL.

(Filed 3 November, 1965.)

APPEAL by defendant from *McLaughlin, J.,* in Chambers at Statesville, North Carolina, 22 May 1965. From DAVIE.

On 21 April 1959 plaintiff instituted an action in the Superior Court of Davie County in which she sought support, maintenance, and subsistence for herself and the two minor children born of the marriage of plaintiff and defendant. She also prayed for custody of the minor children.

On the same day the pleadings were filed, a consent judgment was entered awarding plaintiff custody of said children and requiring defendant to pay $35.00 per week for the support of the children, beginning with 27 April 1959, and a like sum on or before the first day of each week thereafter, until the further orders of the court.

On 7 March 1962 the parties consented to the entry of a judgment reducing the payments for the support of the minor children to $50.00 on the first and fifteenth of each month thereafter, beginning with 15 December 1961, until the further orders of the court.

On 29 April 1965, defendant filed a motion to reduce the required payments on the ground that he was and had been handicapped physically for sometime and is not able to meet the payments.

Plaintiff answered the motion and requested an increase in the amount theretofore agreed upon on the ground that one of the

children was in high school and the other was in the sixth grade and that their needs had greatly increased. Whereupon, the court below heard the matter, found as a fact that the needs of the children are in excess of the payments theretofore agreed upon; that defendant is an able-bodied man and is employed at a weekly wage of $35.00; that he has other income from other sources; that he owns property and has sufficient income and ability to earn income from which he can adequately support the two minor children. The court on 22 May 1965 entered an order increasing the allowance to $55.00 on the first and fifteenth of each month thereafter, beginning with 1 June 1965, and continuing until the further orders of the court.

Defendant appeals, assigning error.

*Robert M. Bryant for defendant appellant.*
*No counsel contra.*

PER CURIAM. The appellant did not except to the facts found by the court below, and the findings of fact are sufficient to support the order entered below. *Goldsboro v. R. R.*, 246 N.C. 101, 97 S.E. 2d 486. Where no exceptions have been taken to the findings of fact, such findings are presumed to be correct and are binding on appeal. *Goldsboro v. R. R., supra,* and cited cases.

Orders for the support of minor children are subject to modification upon a proper showing of a change of conditions. *Blankenship v. Blankenship,* 256 N.C. 638, 124 S.E. 2d 857; *Griffin v. Griffin,* 237 N.C. 404, 75 S.E. 2d 133; *Hardee v. Mitchell,* 230 N.C. 40, 51 S.E. 2d 884.

The judgment from which this appeal was taken is
Affirmed.