DONALD A. CHRISTENSON v. FRIENDLY FORD SALES, INC.

No. 6918DC412

(Filed 17 September 1969)

**1. Sales § 13—— automobile sales contract —— failure of consideration —— use for intended purpose**

There is a failure of consideration for an automobile sales contract if, at the time of the sale, the automobile could not be used for the purposes for which it was intended.

**2. Sales § 13—— rescission of automobile sale —— failure of consideration —— sufficiency of evidence**

In this action to rescind an automobile sales contract for failure of consideration, plaintiff's evidence is sufficient for the jury where it tends to show that after plaintiff had driven the automobile 750 miles the motor failed, that the cost of repairs would exceed the automobile's value, and that the breakdown resulted from defects which were in the crankshaft at the time of the sale coupled with the fact that the crankcase contained a very heavy oil which would not properly lubricate the motor but would have caused the motor to run quieter.

**3. Appeal and Error § 26—— assignment of error to entry of judgment**

Assignment of error to the court's signing and entry of the judgment presents the face of the record proper for review, including whether the verdict supports the judgment.

**4. Sales § 13—— rescission of sales contract —— failure of consideration —— issue for jury —— whether property was "worthless"**

In this action to rescind an automobile sales contract for failure of consideration, proper issue for the jury was whether the automobile was "worthless" at the time of the sale and not whether it was "virtually worthless," and judgment for plaintiff is not supported by verdict finding the automobile was "virtually worthless" at the time of the sale.

APPEAL from *Kuykendall, J.,* 14 April 1969, Civil Session District Court, GUILFORD Division.

This was an action to rescind a sales contract for failure of consideration brought in the District Court of Guilford County on 14 April 1969. The plaintiff, Donald A. Christenson, alleged that he purchased from the defendant, Friendly Ford Sales, Inc., for $675.00, a 1960 Jaguar sports car on 11 December 1967 and that after he had driven the automobile approximately 750 miles from Greensboro, North Carolina, to near Dubuque, Iowa, the automobile broke down as a result of certain defects which were in existence at the time of the sale, and that the motor was worthless, and the cost of repairs would have exceeded the value of the automobile. The plaintiff further alleged that he advised the seller that he intended to use

the automobile to make a long trip to Minnesota, and that he purchased the automobile because the defendant represented to him that it was in A-1 condition. The plaintiff further alleged that after the sale he expended money for repairs, towing, and auto rental in the amount of $400.00. Plaintiff prayed that the contract be rescinded, and that he recover the purchase price of $675.00, and special damages in the amount of $400.00.

The defendant filed answer denying any failure of consideration.

At the trial the plaintiff introduced evidence that he purchased from the defendant, for $675.00, a 1960 Jaguar sports car which he had seen three times, and had driven twice, prior to the sale, and that he told the defendant's agent that he intended to make a trip from Greensboro, North Carolina, to Minnesota in the automobile. The plaintiff testified that the automobile appeared to operate satisfactorily until he commenced the trip to Minnesota, and that thereafterwards the muffler fell off, the fuel pump had to be replaced and the brakes failed, but that he made these repairs and continued the journey until he reached Dubuque, Iowa, where the automobile broke down, and that it became worthless because the cost of repairing it would be more than it was worth. Plaintiff's evidence tended to show that the automobile was shipped back to Greensboro, North Carolina, where the plaintiff had it examined by a mechanic. The mechanic, who testified as an expert without objection, testified that when he examined the automobile the crankcase contained ninety weight oil which was much heavier than the oil recommended for the particular vehicle, and that the crankcase was only about half full of oil. The mechanic testified:

"The crankshaft which should have been perfectly circular as it should be when it comes from the factory, was oval — in the shape of an egg, or it gave that impression — and this measured to be approximately five thousandths out of round and caused the crankshaft to be out of center with the insert bearings, causing the problem we had with this vehicle. The bearings get so hot they seize up around the crankshaft and the motor will consequently stop.

"In my examination of Mr. Christenson's crankshaft, I noticed that the bearings had seized around the crankshaft. The crankshaft was oval and that had caused the opposing ends of the bearings to come together and lock on the crankshaft. This would cause the motor to stop — it would heat up and weld itself to the crankshaft. I believe Mr. Christenson had one or two problems with the car. First, the crankshaft was oval where it

should have been circular and second, the oil in the car was exceptionally thick to be running the vehicle. I made an examination of the oil in the crankshaft and would say it was around — probably ninety weight oil."

The mechanic further testified that the ninety weight oil would have quietened the operation of the engine, and that the condition he found with respect to the crankshaft being out of round would not ordinarily happen overnight, and that in his opinion it would cost six to seven hundred dollars to make the automobile serviceable.

The defendant introduced evidence tending to show that the automobile was sold "as is-where is", and that there was no express warranty as to the condition of the vehicle, and that the plaintiff was advised that they did not have facilities to service or repair this particular type of automobile.

The court submitted the case to the jury on the following issues which were answered by the jury as indicated:

"1. Did the plaintiff and defendant enter into a contract for the purchase of the 1960 Jaguar automobile?

ANSWER: Yes, by stipulation.

"2. Was the Jaguar automobile purchased by the plaintiff virtually worthless at the time of its delivery?

ANSWER: Yes.

"3. Did the sale of the 1960 Jaguar automobile breach any of the implied warranties to the plaintiff so that the automobile's value was substantially impaired?

ANSWER ....................

"4. Did the defendant effectively exclude all implied warranties in the sale?

ANSWER ....................

"5. What amount of damages, if any, is the plaintiff entitled to recover of the defendant?

ANSWER: $855.00"

The court entered judgment on the verdict that the plaintiff recover of the defendant $855.00. The defendant appealed, assigning error.

*Smith, Moore, Smith, Schell and Hunter, by Larry B. Sitton, for the defendant-appellant.*

*Jordan, Wright, Nichols, Caffrey and Hill, by Edward L. Murrelle, for the plaintiff-appellee.*

HEDRICK, J.

[1] The defendant assigns as error the court's failure to grant his motion for judgment as of nonsuit made at the close of the evidence. At the trial of this cause it was incumbent upon the plaintiff to introduce evidence in support of his allegation that there had been a total failure of consideration for the sale of the 1960 Jaguar sports car. There was a failure of consideration if, at the time of the sale, the automobile could not be used for the purposes for which it was intended. *Furniture Co. v. Manufacturing Co.*, 169 N.C. 41, 85 S.E. 35; *Pool v. Pinehurst*, 215 N.C. 667, 2 S.E. 2d 871.

[2] In support of his allegation that there had been a failure of consideration, the plaintiff testified that after he had driven the automobile approximately 750 miles the motor failed, and the automobile became worthless because the cost of repairs would have exceeded its value. The value of the automobile after it had been driven 750 miles, would not, of itself, infer that the automobile was worthless at the time of the sale unless the breakdown could be attributed to defects in the motor of the automobile at the time of the sale. In this connection, the plaintiff testified that he had the automobile shipped back to Greensboro, North Carolina, where he had it examined by an expert mechanic. The mechanic testified that when he examined the 1960 Jaguar he found the crankshaft to be five thousandths of an inch out of round, and that this condition would not ordinarily occur overnight. He testified that the breakdown resulted from the defects in the crankshaft coupled with the fact that the crankcase contained a very heavy oil which would not properly lubricate the motor but would have caused the engine to run quieter so that any defects in the motor would have been more difficult to discover. There was considerable evidence that the crankcase contained ninety weight oil at the time of the sale. We believe this evidence raises an inference that the crankshaft was defective at the time of the sale, and that the breakdown could have resulted therefrom.

We are not unmindful of the evidence that the plaintiff drove the automobile for a considerable distance prior to the breakdown, and this would certainly raise an inference that the automobile was useful for the purposes for which it was intended. Nevertheless, di-

vergent facts and inferences of fact are for the determination of the jury. Giving the plaintiff the benefit of every fact and inference of fact which may be reasonably deduced from the evidence, we hold that the defendant's motion for a judgment as of nonsuit was properly overruled and that the case should have been submitted to the jury upon appropriate issues.

[3]· The defendant-appellant's fourth assignment of error, based on exception number 12, challenges the court's signing and entry of the judgment. This assignment of error presents the face of the record for review, and this includes whether the verdict supports the judgment. *Moore v. Owens*, 255 N.C. 336, 121 S.E. 2d. 540; *Coulbourn v. Armstrong*, 243 N.C. 663, 91 S.E. 2d. 912; *Goldsboro v. R. R.*, 246 N.C. 101, 97 S.E. 2d. 486; 1 Strong, N.C. Index, Appeal and Error, § 21, p. 91, et seq.

[4]   The issues arise from the pleadings and the evidence. In the instant case the second issue, which was answered in the affirmative by the jury, reads as follows:

> "2.   Was the Jaguar automobile purchased by the plaintiff virtually worthless at the time of its delivery?"

We hold that the proper issue in the instant case was whether the 1960 Jaguar automobile was "worthless" at the time of the sale and not whether it was "virtually worthless". *Furniture Co. v. Manufacturing Co., supra; Pool v. Pinehurst, supra.* Webster's Third New International Dictionary (1968) defines the word "virtual" as meaning "possessed of certain physical virtues; being in essence or effect but not in fact." Substituting the second definition for the word "virtually" in the issue presented to the jury, it would read as follows:

> "2.   Was the Jaguar automobile purchased by the plaintiff in essence or in effect but not in fact worthless at the time of its delivery?"

The affirmative answer to the issue then says that the Jaguar was not in fact worthless at the time of delivery. The verdict thus finds that the consideration might have been inadequate. In *Young v. Highway Commission*, 190 N.C. 52, 128 S.E. 401, the Court said:

> " 'So long as it is something of real value in the eye of the law, whether or not the consideration is adequate to the promise, is generally immaterial in the absence of fraud. The slightest consideration is sufficient to support the most onerous obligation; the inadequacy, as has been well said, is for the parties to consider at the time of making the agreement and not for the court

when it is sought to be enforced.' 13 C.J. 365, *Exum v. Lynch,* 188 N.C. 392, 396."

We hold that the judgment is not supported by the verdict.

The defendant's additional assignments of error relate to the admission of evidence and to portions of the judge's charge but since the judgment is vacated, and these alleged errors are not likely to reoccur, we do not deem it necessary to discuss them.

The appellee in his brief cited several sections of the Uniform Commercial Code in support of his contentions; however, since the action was brought and the trial had without any reference to the Uniform Commercial Code, we have not applied it in determining the appeal in this case.

For the reasons herein set forth, the judgment of the District Court dated 17 April 1969 is vacated.

MALLARD, C.J., and MORRIS, J., concur.