JEAN HILL MITCHELL v. JAMES THOMAS MITCHELL

No. 7114DC239

(Filed 4 August 1971)

Divorce and Alimony § 18— alimony pendente lite — the order of award — findings that the wife has insufficient means

　　　The order awarding the wife alimony *pendente lite* must contain a specific finding and conclusion that the wife does not have sufficient means whereon to subsist during the prosecution of her action and to defray the necessary expenses thereof; the absence of such findings is reversible error. G.S. 50-16.3 (a).

Mitchell v. Mitchell

APPEAL by defendant from *Lee, District Judge,* 6 November 1970 Session, District Court, DURHAM County.

Plaintiff instituted this action 15 October 1970 for alimony, alimony *pendente lite,* custody of children, child support, and counsel fees. She alleged, in substance, that two children were born of the marriage, one 18 and one 13; that defendant is an able bodied man, self-employed and with an adjusted gross income in excess of $26,000 per year; that plaintiff is employed and earns $4900 per year; that defendant, with his two brothers had on deposit in checking accounts $175,470.31; that defendant has other funds on deposit and invested, owns an interest in a houseboat, owns a speed boat, several motorcycles, a substantial interest in his business, and is involved in at least one other business than that with his brothers; that plaintiff is actually substantially dependent on defendant for support; that defendant offered such indignities to the person of plaintiff so as to make her condition intolerable and life burdensome, to wit: Defendant had unjustly accused her of being a lesbian, unjustly accused her of having affairs with men, including acts of perversion, assaulted her on numerous occasions, sometimes before the children, berated plaintiff before friends and openly flirted with other women, carried on a love affair with another woman, told plaintiff he would be happier if she were dead, tried to turn their son against plaintiff, destroyed dishes and articles of furniture in the home, told plaintiff repeatedly he would destroy everything before she would get anything from him, demanded the return of plaintiff's engagement ring, offered to buy plaintiff a gun if she would shoot herself, threatened to throw her out of the house, consumed alcohol in excess on many occasions, intentionally driven a motorcycle over plants, etc., cared for by plaintiff. That defendant has constructively abandoned plaintiff in that although they continue to live in same house, they see very little of each other and defendant has refused to give plaintiff any money for some time for her maintenance and the maintenance of the home and children; that defendant has wilfully failed to provide the dependent spouse with necessary subsistence in accordance with his means and conditions; that he used plaintiff's car which he furnished her and brought it back in an inoperable condition without notifying her, leaving her without transportation to and from work and to transport the children, although he had two other vehicles available to him at all times; that on numerous occasions he

bought food for himself or guests without providing any for plaintiff; that all acts complained of were unprovoked by plaintiff; that defendant had refused to provide sufficient funds for his daughter to go to school; that although the son of the parties is doing poorly in school, defendant does not encourage him but has given him a motorcycle and entered him in races, causing him to miss school; that the parties own their home as tenants by the entirety and it is not encumbered; that plaintiff is without funds to pay her attorney; that plaintiff is a fit and proper person to have the custody of the two children and custody in her would best promote the interests and welfare of the children.

Defendant denied all the material allegations of the complaint, including the allegation that plaintiff and defendant continued to live in the same house, and by way of further answer averred that he was in the building business and had devoted all his efforts to providing the plaintiff and their children with all the comforts and luxuries he could; that plaintiff had constantly and continuously harassed and belittled him, accused him of having an affair with every woman for whom he had built a house; that plaintiff had on a prior occasion abandoned him and the children; that he has not "constructively abandoned plaintiff, for the reason that they are still living in their home located at 2624 East Geer Street, Durham, North Carolina"; that the 13-year-old son had engaged in sports competition on a motorcycle and has become very proficient in handling it; that defendant has participated on many occasions in his son's activities and that despite plaintiff's "tantrums and vilification on this subject" the relationship with his son has been wholesome; that plaintiff is not a dependent spouse; that her complaints are of her own imagination; that plaintiff has "adopted a venomous personality" and is committed to a course of action to destroy the family environment defendant has endeavored to establish.

Defendant appealed from the entry of the following order:

"This cause, coming on to be heard and being heard on the 6th day of November, 1970, before the Honorable Thomas H. Lee, District Court Judge, upon motion of plaintiff for alimony *pendente lite,* custody of infant children, counsel fees *pendente lite,* and support of children *pendente lite;* and the plaintiff being present and being represented by

Mitchell v. Mitchell

W. Paul Pulley, Jr., Attorney at Law, and the defendant being present and being represented by Blackwell M. Brogden, Attorney at Law;

After hearing testimony and arguments of counsel, it appearing to the court and the court finds as facts the following:

1. That the parties were married on or about the 16th day of May, 1951, and that two children were born of the marriage, namely, Ylanza Mitchell, age 18 and Tony James Mitchell, age 13.

2. That at the date of the hearing, the plaintiff and defendant are still residing in the same house under the same roof; that they have not had sexual intercourse or otherwise lived as man and wife since July of 1970.

3. That defendant is an able-bodied male, self-employed in the construction business, and for the calendar years 1968 and 1969 earned an adjusted gross income in excess of Twenty-six Thousand Dollars ($26,000.00) each year.

4. That plaintiff is employed and earns approximately Four Thousand Nine Hundred Dollars ($4,900.00) per year.

5. That defendant, along with his two brothers, has deposits in savings and loan institutions of sums in excess of One Hundred Seventy-Five Thousand Dollars ($175,000.00) belonging to his business.

6. That on or about September 25, 1970, defendant did assault plaintiff; that he had previously assaulted her in July of 1970; that preceding the assault in September of 1970, defendant had done other things, such as accusing plaintiff of being a Lesbian; accusing plaintiff of having affairs with men, including acts of perversion; repeatedly told plaintiff he would be happier if she were dead, and he did in fact in September of 1970 offer to buy her a gun if she would shoot herself; intentionally drove a motorcycle over plants and trees planted and cared for by plaintiff; and demanded that plaintiff return to him the engagement ring which he had given her.

7. That defendant offered such indignities to plaintiff as to make her condition and life intolerable and burden-

Mitchell v. Mitchell

some and that the items referred to above constituted said indignities.

8. That said indignities and assaults referred to herein were inflicted on plaintiff without provocation on her part.

9. That plaintiff is a dependent spouse within the meaning of G.S. 50-16.1 in that plaintiff is substantially dependent on defendant for maintenance and support and substantially in need of said maintenance and support from defendant.

10. That the sum of Two Hundred Dollars ($200.00) per month as alimony *pendente lite* is reasonable at this time, and said sums should be paid for the use and benefit of plaintiff.

11. That the sum of Five Hundred Dollars ($500.00) is reasonable for attorney's fees for plaintiff's counsel.

12. That the Juvenile Division of the District Court should investigate thoroughly matters as to the best interests of the 13 year old son, Tony James Mitchell, as to where custody shall be placed.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

A. That defendant shall pay to the Department of Social Services the sum of Two Hundred Dollars ($200.00) per month for the use and benefit of plaintiff as alimony *pendente lite,* said sum to be payable to the Department of Social Services beginning the 20th day of November, 1970, and payable on the 20th day of each succeeding month until further orders of court.

B. That defendant shall pay directly to plaintiff's counsel, W. Paul Pulley, Jr., the sum of Five Hundred Dollars ($500.00) as attorney's fees for plaintiff's counsel *pendente lite,* said sum to be paid not later than November 20, 1970.

C. That the Juvenile Division of the District Court shall investigate thoroughly the best interests of the 13 year old son born of the marriage, namely, Tony James Mitchell, as to where custody shall be placed.

This 24th day of November, 1970."

*W. Paul Pulley for plaintiff appellee.*

*Brogden and Brogden, by Blackwell M. Brogden, for defendant appellant.*

MORRIS, Judge.

Defendant's assignment of error No. 1 is as follows: "That the court committed error in overruling the defendant's motion for summary judgment on the pleadings and issues joined as provided by Rule 56. That his Honor committed error in overruling the defendant's motion for summary judgment when renewed, after all of the evidence, as provided by Rule 56." This assignment is based on exceptions No. 1 and 4. All of the exceptions appear after the judgment and are entitled "Appeal Entries." Exception No. 1 reads as follows: "Upon the call of the case for hearing, the defendant through his counsel, before any evidence was offered or pleadings read, made a motion for summary judgment on the pleadings and issues joined." Exception No. 4 states "After all of the evidence, the defendant through his counsel, renews motion for summary judgment." We are at a loss to determine of what error defendant complains. If the motion made at the beginning of the trial was a motion for summary judgment, no notice thereof was given, nor are we given any idea of the contents of the motion. It does not appear in the record. The second motion referred to in this assignment of error, if it was a motion for summary judgment, would be subject to the same defects. In addition, the office of summary judgment is not to test the sufficiency of the evidence. If defendant's motion was for a directed verdict, we cannot rule on it because the record contains no evidence. If the latter motion was intended to test the sufficiency of evidence, and the first motion was actually for summary judgment, the ruling on them should not be the subject of one assignment of error. This assignment of error is overruled.

A portion of assignment of error No. 2 is as follows: "That the court committed error in overruling the defendant's motion to dismiss plaintiff's action for failure to state sufficient facts upon which relief might be granted, at the close of the plaintiff's testimony, as provided by Rule 12(b)(6). That the court committed error in overruling the defendant's renewed motion to dismiss plaintiff's action for failure to state sufficient facts upon

Mitchell v. Mitchell

which relief might be granted, at the close of all the evidence."
Again, we are at a loss. If defendant's motion was to test the
sufficiency of the complaint, a motion under G.S. 1A-1, Rule
12(b) (6) was the proper motion, and this is one of the de-
fenses listed in Rule 12(b) which can be made by motion as
late as at the trial on the merits. However, defendant has not
divulged to us the contents of the motion nor does his assign-
ment of error give us any indication as to why he thinks the
complaint fails to state sufficient facts upon which relief might
be granted. If defendant intended the motion to test the suffi-
ciency of the evidence and would have us, on appeal, treat it as
a motion for directed verdict, we cannot comply because no evi-
dence is before us. The record is devoid of any evidence. This
assignment of error also includes the following "That the court
committed error in awarding alimony *pendente lite* to the plain-
tiff for the reason that there had been no showing in the
pleadings that the plaintiff was entitled to any alimony, tem-
porary or permanent, in that the plaintiff admits that she is
still living in the same household with the defendant and further
for the reason that there are no particular allegations in the
complaint showing any indignities as required by G.S. 50-16.1
*et seq.* and Rule 1, Civil Rules of Procedure, as set forth in de-
fendant's exception No. 8." Exception No. 8 is as follows: "That
the defendant excepts to the finding of fact that the plaintiff
is entitled to alimony as set out in Finding Number 10 of the
Order, as there was not sufficient competent testimony to
show that the plaintiff was entitled to alimony." Obviously we
cannot discuss this exception since we have no testimony before
us. The portion of the assignment of error which the exception
No. 8 is supposed to support has to do with pleadings. The last
paragraph of this assignment of error is in almost identical
words with respect to award of counsel fees and is supposedly
based on defendant's exception No. 9. However, exception No.
9 is to "Finding Number 11 of the Order, for the reason that
there was no showing that the plaintiff was entitled to coun-
sel fees." Again the portion of the assignment refers to plead-
ings and the exception upon which it is based relates to evi-
dence. This assignment of error is overruled.

By assignment of error No. 3, defendant contends that the
court erred in signing the order for the reasons that "there
had been no showing in the pleadings that the plaintiff was
entitled to any alimony, temporary or permanent in, that the

plaintiff admits that she is still living in the same household with the defendant and further for the reason that there are no particular allegations in the complaint showing any indignities as required by G.S. 50-16.1 *et seq.* and for the further reason that the plaintiff and the defendant are still living together and the plaintiff is not entitled to any alimony, as a matter of law." This assignment is based on defendant's exception No. 10 which is "To the signing of the Order by the Honorable Thomas H. Lee, District Court Judge, dated November 20, 1970, the defendant excepts, and in open court gives notice of appeal to the North Carolina Court of Appeals, further notice waived." The exception to the signing and entry of the judgment presents the face of the record for review. *Christenson v. Ford Sales, Inc.,* 6 N.C. App. 137, 169 S.E. 2d 542 (1969), which includes whether the facts found or admitted support the judgment, and whether the judgment is regular in form and supported by the verdict. 1 Strong, N. C. Index 2d, Appeal and Error, § 26. It is not sufficient basis for consideration of an assignment of error that the pleadings are not sufficient.

We are aware of the points argued by defendant in his brief and in oral argument. However, we have spent considerably more time than should be necessary in trying to unravel and understand defendant's assignments of error. As was said by Brock, Judge, in *Nye v. Development Co.,* 10 N.C. App. 676, 179 S.E. 2d 795 (1971) :

"It is not the function of the appellate courts to search out possible errors which may be prejudicial to an appellant; it is an appellant's duty, acting within the rules of practice, to point out to the appellate court the precise error of which he complains."

Exception No. 10 is, in our opinion assigned as error, albeit most ineptly, by the language "and the plaintiff is not entitled to any alimony as a matter of law" appearing in assignment of error No. 3. We, therefore, look at the judgment to determine whether the facts found or admitted support it. G.S. 50-16.3 (a) provides:

"A dependent spouse who is a party to an action for absolute divorce, divorce from bed and board, annulment, or alimony without divorce, shall be entitled to an order for alimony *pendente lite* when:

(1) It shall appear from all the evidence presented pursuant to G.S. 50-16.8(f), that such spouse is entitled to the relief demanded by such spouse in the action in which the application for alimony *pendente lite* is made, and

(2) It shall appear that the dependent spouse has not sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof."

There are sufficient findings to support a conclusion that the grounds set out in section (1) of the statute exist, but the order contains no factual findings or even a conclusion as to whether plaintiff has sufficient means whereon to subsist during the prosecution of the suit and to defray the necessary expenses thereof. "The two quoted sections of G.S. 50-16.3(a) are connected by the word 'and'; it is therefore *mandatory* that the grounds stated in both of these sections shall be found to exist before an award of alimony *pendente lite* may be made." (Emphasis supplied.) *Peoples v. Peoples,* 10 N.C. App. 402, 179 S.E. 2d 138 (1971). Because of the failure to make specific findings with respect to the sufficiency of plaintiff's means whereon to subsist during the prosecution of her action and to defray the necessary expenses thereof, we must conclude that the facts found and admitted do not support the judgment for alimony *pendente lite.*

Error and remanded.

Judges BROCK and HEDRICK concur.